## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

THOMAS TOWNS,                                    )
                                                 )
            Plaintiff,                           )
                                                 )
v.                                               )    Case No. CIV-25-1102-D
                                                 )
STATE FARM FIRE AND CASUALTY                     )    (Remanded to Grady County
COMPANY; and KEVIN MURPHY                        )    District Court, Case No.
INSURANCE AGENCY, INC.,                          )    CJ-2025-197)
                                                 )
            Defendants.                          )

## ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 11]. Defendant State Farm Fire and Casualty Company filed a response [Doc. No. 13], to which Plaintiff replied [Doc. No. 14]. The matter is fully briefed and at issue.

## PLAINTIFF'S ALLEGATIONS

Plaintiff's property was damaged by a hailstorm, for which Plaintiff filed a claim under his homeowner's policy, issued by State Farm. Because Plaintiff did not provide a precise date of loss, State Farm "unilaterally, purposefully, and arbitrarily assigned a date of loss as June 15, 2023 to [Plaintiff's] claim." [Doc. No. 1-5, at ¶ 36].

As further alleged in Plaintiff's Amended Petition [Doc. No. 1-5], State Farm hired Seek Now to inspect Plaintiff's property, which inspection occurred on October 31, 2024. *Id.* at ¶ 39. According to Plaintiff, the Seek Now inspector and Plaintiff's roofer "both agreed that hail damage was present on the asphalt roof, aluminum gutters, garage doors, and exterior garage door." *Id.* at ¶ 41. "In response to [Seek Now's] photographs and

1

findings, Defendant State Farm claimed the photographs were not sufficient and [it] would need to schedule another inspection." *Id.* at ¶ 43. When the second inspection occurred, the new inspector advised Plaintiff's roofer that the damage on the roof was cosmetic. *Id.* at ¶ 48.

Ultimately, State Farm determined that Plaintiff's home "sustained damage to [the] exhaust cap, attic vent cover, and 20 feet of guttering, but did not find any hail damage to the roof of [Plaintiff's] home." *Id.* at ¶ 53. State Farm estimated that it would cost $585.94 to repair any damage, and Plaintiff's roofer estimated it would cost $46,325.45 to repair and replace Plaintiff's roof, gutters, window vents and accessories, exterior door, and garage door. *Id.* at ¶¶ 52-54. State Farm denied any further investigation or payment of insurance benefits for the damage to Plaintiff's roof. *Id.* at ¶ 56.

Thereafter, another hailstorm further damaged Plaintiff's property on May 17, 2025. *Id.* at ¶ 57. After an inspection, State Farm found damage to Plaintiff's roof and informed Plaintiff that $10,948.04 would be paid to replace Plaintiff's roof, identifying the date of loss as the original June 15, 2023 date. *Id.* at ¶¶ 61-62. Within hours of State Farm's letter confirming payment, "State Farm issued a stop payment of the check and once again withheld benefits from [Plaintiff]." *Id.* at ¶ 64. In the stop-payment notification, State Farm had changed the date of loss to May 17, 2025. *Id.* at ¶ 65. Thereafter, State Farm wrote to Plaintiff that—for the May 17, 2025 date of loss—"we have not received the requested additional information: **ITEM LIST**." *Id.* at ¶¶ 66-67.

For Plaintiff's claims against Kevin Murphy Insurance Agency, Inc. (Murphy Agency), he alleges that "Murphy Agency offered to procure homeowner's insurance from

Defendant State Farm for [Plaintiff's] home to the specific and certain breadth requested by [Plaintiff]." *Id.* at ¶ 69. Plaintiff specifically requested "coverage for his home, including the roof in the event of a hail storm," the "best policy Defendant State Farm had to offer," and "coverage that fully replaced damage done to his home so that he had nothing to worry about." *Id.* Plaintiff further alleges that Murphy Agency "represented orally, in marketing materials, during renewals, and personal conversations, that the Defendant State Farm policy Defendant Murphy Agency sold [Plaintiff] would 'fully replace' his roof after hail damage, while Defendant Murphy Agency was fully aware of Defendant State Farm's internal 'Hail Focus' protocols narrowly redefining hail damage and routinely denying roof claims." *Id.* at ¶ 87. Plaintiff further "relied upon these specific representations made by Defendant Murphy Agency." *Id.*

According to Plaintiff, Murphy Agency "continu[ed] renewals year after year, increasing dwelling limits (and therefore premiums and profits) without verifying that the dwelling or roof met Defendant State Farm's undisclosed underwriting restrictions." *Id.* Murphy Agency allegedly "advis[ed] [Plaintiff] to open a claim (call State Farm's 800 number) without disclosing that Defendant State Farm would arbitrarily select a loss date and apply the hidden exclusion of 'cosmetic damage' to defeat [Plaintiff's] claim to insurance benefits." *Id.* Plaintiff also alleges that "[b]y affirmatively promising to procure broad, worry-free, full replacement cost coverage, including coverage for hail damage to [Plaintiff's] roof, while omitting critical limitations, exclusions, and internal claims-handling practices, Defendant Murphy Agency created a false impression that [Plaintiff's] roof was fully insured against hail loss." *Id.* at ¶ 90.

State Farm filed a timely Notice of Removal [Doc. No. 1], in which it contends that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction. Although Murphy Agency is a non-diverse party, State Farm contends that Murphy Agency was fraudulently joined by Plaintiff to defeat diversity jurisdiction.

Before the Court is Plaintiff's motion to remand, arguing that State Farm cannot establish fraudulent joinder and that this case should be remanded to the District Court of Grady County.

## STANDARD OF DECISION

"To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). As the removing party, State Farm must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden on the party asserting fraudulent joinder," State Farm must show under the "actual fraud" prong that Plaintiff essentially "lied in the pleadings." *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (quotation omitted). Under the "inability to establish a cause of action" prong, State Farm must show that there is no possibility that

4

Plaintiff would be able to establish a cause of action against Murphy Agency in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished)[1] (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, … consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

## DISCUSSION

### I.   Inability to State Cause of Action

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 189 P.3d 740, 744-45 (Okla. 2008)

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

(citation omitted). To that end, agents must "offer coverage mandated by law and coverage for needs that are disclosed by the insureds…." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 83 P.3d 894, 895 (Okla. 2003). "[C]onstructive fraud [or negligent misrepresentation] consists of 'any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to [his] prejudice, or to the prejudice of any one claiming under him[.]" *McDow v. State Farm Fire & Cas. Co.*, No. CIV-22-927-F, 2022 WL 17960457, at *2 (W.D. Okla. Dec. 27, 2022) (quoting OKLA. STAT. tit. 15, § 59). "This duty could arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter." *Foster v. State Farm Fire & Cas. Co.*, No. CIV-24-222-PRW, 2025 WL 392728, at *3 (W.D. Okla. Feb. 4, 2025) (citing *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008)).

Based on the above allegations contained in Plaintiff's Amended Petition [Doc. No. 1-5], and although Plaintiff's claims against Murphy Agency are not a "sure-thing," the Court finds that State Farm has not met its heavy burden to establish with complete certainty that Plaintiff cannot establish a claim against Murphy Agency in state court. *See Nerad v. AstraZeneca Pharmaceuticals, Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006); *Montano*, 2000 WL 525592, at *2 ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."); *see also Coover v. State Farm Fire and Cas. Co., et al.*, No. CIV-25-334-PRW, 2025 WL 3470868 (finding remand appropriate where "open questions remain regarding the scope of the agents' roles in procurement of the policies,

6

whether [the] [p]laintiffs requested or were promised more extensive coverage than they received, the precise duties that may be imposed on insurance agents under Oklahoma law, the representations made by the agents, the existence and the agents' knowledge of a widespread scheme to shortchange insured parties when making claims for hail and wind damage, and more."). Accordingly, the Court finds that State Farm has not met its "heavy burden" to establish fraudulent joinder, and remand is appropriate.

## II.    Actual Fraud in the Pleading of Jurisdictional Facts

As stated above, to establish actual fraud in the pleading of jurisdictional facts "basically requires a showing that plaintiff lied in the pleadings." *Sanelli*, 2023 WL 3775177, at *2. In response to Plaintiff's motion to remand, State Farm argues that Plaintiff has engaged in fraud in the pleading of jurisdictional facts by recycling near-identical complaints and by mis-alleging that Plaintiff's claims were denied due to cosmetic damage. To the first point, this Court has previously found that allegations of cookie-cutter complaints are, alone, insufficient to establish fraudulent joinder. *See Pruitt v. State Farm Fire & Cas. Co.*, No. CIV-25-43-D, 2025 WL 1030353, at *4 (W.D. Okla. Apr. 7, 2025). The Court further finds sufficient support in the record for Plaintiff's understanding that his claim was denied because of mere cosmetic damage to his roof. *See* Doc. No. 1-5, at ¶ 48 ("When Black Dog Roofing pointed out the clear hail damage to [Plaintiff's] roof, Mr. Tackett [of Seek Now] advised Black Dog Roofing that the damage being pointed out was 'cosmetic.' This 'cosmetic' damage classification fits perfectly with Defendant State Farm's claims-handling system, designed to deny or underpay claims."). State Farm's arguments for actual fraud in the pleadings speak to the merits of Plaintiff's underlying

7

claims, not whether Plaintiff committed actual fraud in the pleadings. For these reasons, the Court finds that State Farm has not met its high burden to show actual fraud in the pleading of jurisdictional facts.

## CONCLUSION

For the reasons stated herein, the Court finds that State Farm has not established fraudulent joinder, and this Court lacks subject-matter jurisdiction. **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Doc. No. 11] is **GRANTED**, and the case is **REMANDED** to the District Court of Grady County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Grady County. Each side shall bear their own attorney's fees, costs, and expenses incurred as a result of the removal and remand.

**IT IS SO ORDERED** this 10th day of April, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge